UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER MARINELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-12182 |
| | ) |
| NELSON CRUZ & | ) |
| ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JENNIFER MARINELLI ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, NELSON CRUZ & ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Michigan Occupational Code, Mich. Comp. Law § 339.901 et seq. ("MOC").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. §1692k.

1

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Hartland, Livingston County, Michigan.

8. Plaintiff is a consumer as that term is defined by the FDCPA and MOC.

9. Plaintiff allegedly owes a debt as that term is defined by FDCPA and MOC.

10. Defendant is a debt collector as that term is defined by FDCPA and MOC.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Dallas, Dallas County, Texas.

13. Defendant is a business entity engaged in the collection of debt within the State of Michigan.

14. Defendant's business includes, but is not limited to, collecting on unpaid,

outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff which Plaintiff does not owe.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. Within the past year of Plaintiff filing this Complaint, Defendant began placing collection calls to Plaintiff's work telephone at xxx-xxx-4400, in an

attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 248-297-6864, which is one of Defendant's telephone numbers.

23. At all times relevant, Defendant reported the alleged debt to Plaintiff's credit file.

24. At all times relevant, Plaintiff was and is a teacher and works at a school.

25. In or around May 2022, Defendant called Plaintiff's work telephone, in an attempt to collect the alleged debt.

26. Defendant's call was initially made to the main office and transferred to Plaintiff's classroom.

27. In or around May 2022, Plaintiff spoke with one of Defendant's collectors.

28. During the above-mentioned conversation:

   a. Defendant's collector told Plaintiff she owed a debt to Aspen Peak Financial.

   b. Plaintiff explained to Defendant's collector that she is not familiar with Aspen Peak Financial and has never taken out a loan from Aspen Speak Financial.

   c. Despite the foregoing, Defendant's collector continued to attempt to collect the alleged debt from Plaintiff.

   d. Defendant's collector threatened to continue to report the alleged debt

to Plaintiff's credit file.

    e. Defendant's collector threatened to harm Plaintiff's career, stating she could not clear a background check with the debt on her credit report.

29. On or about May 16, 2022, after speaking with Plaintiff, Defendant called Plaintiff's step-son, Jared, and falsely represented that Defendant was seeking location information for Plaintiff.

30. Defendant engaged in the foregoing conduct with intent to annoy, abuse or harass Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiffs repeat and re-allege paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

32. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer, when Defendant called Plaintiff's step-son after Defendant spoke with Plaintiff;

    b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at

5

    least, the following discrete violations of § 1692e;

    c. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant threatened to continue to report the alleged debt to Plaintiff's credit report;

    d. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant attempted to collect a debt from Plaintiff that she does not owe, when Defendant parked the alleged debt on Plaintiff's credit report, when Defendant continued to report the alleged debt to Plaintiff's credit report when Defendant knew Plaintiff does not owe the alleged debt, and when Defendant threatened to harm Plaintiff's career; and

    e. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, JENNIFER MARINELLI, respectfully request judgment be entered against Defendant, NELSON CRUZ & ASSOCIATES, LLC, for the following:

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

35. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

36. Plaintiffs repeat and re-allege paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the MOC including, but not limited to, the following:

   a. Defendant violated §339.915(f)(i) of the MOC by misrepresenting the legal status of a legal action being taken or threatened, when Defendant attempted to collect a debt from Plaintiff that she does not owe, when Defendant parked the alleged debt on Plaintiff's credit report, when Defendant continued to report the alleged debt to Plaintiff's credit report when Defendant knew Plaintiff does not owe the alleged debt, and when Defendant threatened to harm Plaintiff's career; and

   b. Defendant violated §339.915(n) of the MOC by using a harassing, oppressive or abusive method to collect a debt, when Defendant called

7

Plaintiff's step-son after Defendant spoke with Plaintiff.

WHEREFORE, Plaintiff, JENNIFER MARINELLI, respectfully request judgment be entered against Defendant, NELSON CRUZ & ASSOCIATES, LLC, for the following:

38. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

39. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2); and

40. Any other relief that this Honorable Court deems appropriate.


DATED:  September 8, 2022     RESPECTFULLY SUBMITTED,


By: /s/ Taylor L. Kosla
    Taylor L. Kosla
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave.
    Suite 419
    Chicago, IL 60602
    Tel: 312-224-4695
    Fax: 312-253-4451
    taylor@agrusslawfirm.com
    Attorney for Plaintiff